UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 19-cv-358-pp

ESTATE OF GERTRUDE MOSLEY,
and MELIVIN L. MOSELY

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 9)**

On March 11, 2019, the plaintiff filed a motion for default judgement under Rule 55 of the Federal Rules of Civil Procedure. Dkt. No. 9. Neither defendant has responded to the motion.

I.    Standard of Review for Motion for Default Judgment

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment.

A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). Here, the plaintiff requested the entry of default on August 11, 2017, dkt. no. 27, and the clerk of court entered default on August 14, 2017.

After the entry of default, a plaintiff may move for default judgment under Rule 55(b). When considering a motion for default judgment, the court takes as true the factual allegations in the complaint. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

II. <u>Service of the Complaint</u>

In support of the motion for entry of default, the plaintiff provided an affidavit from plaintiff's counsel, attesting that Gertrude Mosley passed away on April 29, 2016. Dkt. No. 6 at ¶4. On April 9, 2019, Michael T. Schoendorf executed and returned the waiver of service of summons form in his capacity as Special Administrator for the Estate of Gertrude Mosley. Dkt. No. 2. The executed waiver of service indicated that Schoendorf understood that if he did not answer or otherwise respond to the complaint within sixty days of April 1, 2019, judgment could be entered against the estate. <u>Id.</u> The estate did not file an answer within sixty days. The plaintiff also filed a process receipt and return, indicating that the U.S. Marshals Service personally served defendant Melvin Mosley in the upstairs lobby of the USMS on May 24, 2019 at 9:30 a.m. Dkt. No. 4. More than twenty-one days has passed since the Marshals served defendant Mosley and he has not answered or otherwise responded. Both defendants are in default and the clerk of court properly entered default on June 20, 2019.

III. <u>Factual Allegations</u>

Because the defendants are in default, the court takes the allegations in the complaint as true for purposes of establishing liability. The court has jurisdiction because the plaintiff filed this case under 28 U.S.C. §1345, which provides that district courts have original jurisdiction over civil actions brought by the United States or any agency authorized to sue under an act of Congress. Dkt. No. 1 at ¶1.

The plaintiff seeks to foreclose on a reverse mortgage between Gertrude Mosley and the Department of Housing & Urban Development. <u>Id.</u> at ¶2. Payment of the debt on a reverse mortgage is made by the sale of the premises.

Id. The complaint alleges that Gertrude Mosely executed a promissory note dated October 3, 1997, which was delivered to Unity Mortgage Corp. Id. at ¶3, Ex. A. Financial Freedom Senior Funding Corporation, as assignee of the note, prepared an Affidavit of Lost Note stating the note is lost. Id. The interest rate on the note was believed to be 3.62%. Id. at ¶4. To secure the note, Gertrude Mosley executed and delivered an Adjustable Rate Home Equity Conversion Mortgage filed October 27, 1997, to Unity Mortgage Corp., its successors and assigns. Id. at ¶5, Ex. B.

On November 1, 2000, Unity Mortgage Corp. assigned its interest in the note and mortgage to Financial Freedom Senior Funding Corp. Id. at ¶6, Ex. C. On April 10, 2009, Financial Freedom Senior Funding Corporation assigned Gertrude Mosley's note and mortgage to the Secretary of Housing and Urban Development. Id. at ¶7, Ex. D. To secure the reverse mortgage, Gertrude Mosley executed and delivered to the Secretary of HUD a second Adjustable Rate Home Equity Conversion Mortgage dated October 3, 1997. Id. at ¶8, Ex. E.

Gertrude Mosely died on April 29, 2016. Id. at ¶9, Ex. F. No action has been filed to probate the Estate of Gertrude Mosley. Id. at ¶10. Under the terms of the notes and mortgages, default (as to the mortgage obligation) occurred at death. Id. at ¶11. The plaintiff demanded full and immediate payment. Id. The Estate of Gertrude Mosley owes the plaintiff a balance of $59,894.28 as of September 21, 2018. Id. at ¶12, Ex. G.

The plaintiff made the following payments as permitted by the provisions of the mortgages that have become part of the mortgage indebtedness: service fee $5,199.46, and MIP (insurance) $3,430.89. Id. at ¶13. The other defendants have an interest in the mortgaged premises but such interests are junior and subordinate to the plaintiff's interest. Id.

Taking these facts as true, the court finds that the plaintiff has stated a *prima facie* case entitling it to the entry of default judgment.

IV. Judgment Due

As of September 21, 2018, the estate owes the plaintiff a total of $59,894.28. This includes a principal balance of $28,284.69, payments made by the plaintiff for *lis pendens* fees ($30), special probate administrator ($300), probate filing fee ($20) and interest (which continues to accrue on the note at $6.76 per day). Dkt. No. 9-1 at 2. The court finds that the plaintiff is entitled to the entry of a judgment authorizing the sale of the mortgaged premises and foreclosing the defendants from all rights and equity of redemption in the property.

V. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 9.

The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**