UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 19-cv-358-pp

    v.

ESTATE OF GERTRUDE MOSLEY,
and MELVIN MOSLEY,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE FORECLOSURE SALE (DKT. NO. 17)**

The plaintiff filed a complaint to foreclose on a reverse mortgage between Gertrude Mosley and the Department of Housing & Urban Development on property owned by Ms. Mosely, who had passed away on April 29, 2016. Dkt. No. 1. Ms. Moseley's estate did not file an answer or otherwise respond to the complaint. The second defendant, Melvin Mosley, also failed to respond to the complaint after being properly served. On July 23, 2019, after finding that the estate owed the plaintiff a total of $59,894.28, the court entered default judgment as to the mortgaged premises and ordered the premises to be sold six months later at public auction by and under the direction of the U.S. Marshal. Dkt. Nos. 12, 13.

On January 28, 2020, the plaintiff filed a Notice of Foreclosure Sale, which indicated that the U.S. Marshal would hold a public auction of the mortgaged premises on February 24, 2020 at the Milwaukee County Safety

1

Building. Dkt. No. 15. That sale evidently was postponed because on December 22, 2020, the plaintiff filed a second Notice of Foreclosure Sale, indicating that the sale was scheduled for January 25, 2021 at the Peck Welcome Center at the Milwaukee County Zoo. Dkt. No. 16.

On June 29, 2021, the plaintiff filed a four-page motion to set aside the January 18, 2021 foreclosure sale (although the second notice had indicated that the sale was to be January 25, the motion states that the sale took place on January 18). Dkt. No. 17. The plaintiff says that HUD transmitted to the U.S. Attorney's Office, serving as counsel, instructions to bid the amount of the outstanding loan, $62,306.08. Id. at 2. The plaintiff states that, although the bid instructions were transmitted to the Marshals Service, the marshal who conducted the sale apparently was unaware of those instructions before the sale and opened the bidding at $0 rather than the approximately $62,000 intended by HUD. Id. The successful bidder submitted a bid of $14,000, and paid a 10% deposit to the marshal, as required by the Notice of Sale. Id. The plaintiff asks the court to set aside the sale and order that a new auction take place. Id. No one has responded to the motion.

Under Wisconsin law, the grant or refusal to set aside a foreclosure sale rests within the discretion of the court. Gumz v. Chickering, 19 Wis. 2d 625, 634 (Wis. 1963). The court will not set aside a sale simply because the price obtained was inadequate. Id. The court "may refuse to confirm a sale if the price is inadequate *and* there is a showing of mistake, misapprehension, or inadvertence on the part of interested parties or prospective purchasers." Id.

2

Even if there is no mistake, misapprehension or inadvertence, the court may set aside a sale if the price is "so grossly inadequate as to shock the conscience of the court." Id. at 635.

The Wisconsin Court of Appeals has declined to set aside a foreclosure sale where the bid of $68,680 was not grossly inadequate so as to shock the conscience of the court (the broker evaluated the property "as is" at $120,000, the assessed value was $92,500 and the purchaser subsequently listed the property for $139,000). JP Morgan Chase Bank, NA v. Green, 311 Wis. 2d 715, 739 (Ct. App. 2008). In the same case, the court found that JP Morgan's mistake in failing to participate in the first sheriff's sale was not the type of "mistake" that warranted setting aside the sale. Id. at 741.

The plaintiff explains that this was not an ordinary auction—because of the pandemic it was held at the Milwaukee County Zoo to permit social distancing. Dkt. No. 17 at 3. According to the plaintiff, there were several errors—committed by multiple government agencies—that prevented the property from selling at a higher price. The Department of Housing and Urban Development transmitted its bid instructions to the United States Attorney's Office, who was representing the agency, and expressed its intent to bid $62,306.08. However, HUD failed to transmit an appraisal showing that the property was worth $39,000. Id. at 2. Although the plaintiff indicates that the appraisal is attached to its motion, id. at 3, the court could not locate the appraisal anywhere in the record. The United States Attorney's Office transmitted the bid instructions to the U.S. Marshals Service but those

3

instructions "were apparently not on hand at the time of the actual auction." Id. The marshal opened the bid at $0 rather than $62,306.08. This error reduced the sale price by at least $48,000; and the sale price was less than 25% of the intended bid and a third of the appraised value. Id. at 3-4. HUD says it will bid the amount it is owed under the terms of the loan if the court sets aside this sale. Id. at 4.

The plaintiff has filed only a four-page combined motion and brief. The purchase price was less than the amount of the default judgment and what the plaintiff says HUD was willing to bid; however, there is nothing in the record to suggest that it was "grossly inadequate." There is no appraisal in the record, although the plaintiff said there was one attached, and there are no affidavits attesting to what happened and why. It further appears that mistakes were made at various steps leading up to the sale but all appear to be the type of neglect that would not warrant setting aside a sale that occurred well over a year ago. The plaintiff didn't even ask to set aside the sale until six months after it had occurred. The only authority cited by the plaintiff does not require the court to set aside the foreclosure sale based on those facts.

The court **DENIES** the plaintiff's motion to set aside foreclosure sale. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 7th day of February, 2022.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge

4